UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MEMORIAL BAPTIST CHURCH OF METAIRIE LOUISIANA,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-3454** |
| **CHURCH MUTUAL INSURANCE COMPANY,**<br>    Defendant | **SECTION: "E" (3)** |

## ORDER AND REASONS

Before the Court is a motion for partial summary judgment filed by Defendant, Church Mutual Insurance Company, seeking summary judgment that it did not act in bad faith.[1] Plaintiff, Memorial Baptist Church of Metairie Louisiana, filed its opposition on October 14, 2025.[2] Plaintiff filed an amended response to Defendant's statement of material facts.[3] Defendant then filed a sur-reply.[4] This order follows.

## BACKGROUND

The Court has reviewed the record and determined the following facts to be undisputed. This action involves an insurance dispute arising from damage to Plaintiff's property when Hurricane Ida made landfall.[5] Defendant issued an insurance policy to Plaintiff on June 3, 2021, covering buildings on Plaintiff's property, including (1) the church, (2) the fellowship hall, (3) the school, (4) the fence, (5) the parsonage, and (6) the

---

[1] R. Doc. 39. Defendant also has filed a motion for partial summary judgment on Plaintiff's breach of contract claim. *See* R. Doc. 40. That motion for partial summary judgment will be addressed in a separate order.
[2] R. Doc. 54.
[3] R. doc. 67.
[4] R. Doc. 70.
[5] R. Doc. 1 at ¶ 10.

1

pavilion.[6] This insurance policy, which was in effect when Hurricane Ida struck Plaintiff's property,[7] contained provisions providing that, in the event of covered damage, Defendant had the option to: "[p]ay the value of lost or damaged property; [p]ay the cost of repairing or replacing the lost or damaged property . . . [t]ake all or any part of the property at an agreed or appraised value; or [r]epair, rebuild or replace the property with other property of comparable kind and quality."[8] The policy further provides that Defendant will pay the cost of replacing the lost or damaged property if the property is replaced with "comparable or similar property at the time of loss"[9] meaning "with material of like, kind, and quality."[10]

On August 8, 2024, Plaintiff paid Fisher's for a roof replacement.[11] On June 11, 2025, Plaintiff paid Fogarty to replace and construct a breezeway.[12] Plaintiff did not submit either invoice to Defendant at the time the repairs were completed, asserting that he did not because the parties were in litigation.[13] On September 16, 2025, Plaintiff provided Defendant with all outstanding invoices concerning the replacement of the roof and breezeway.[14] On September 30, 2025, Defendant issued a check to Plaintiffs for $37,545.31 for recoverable depreciation.[15] Defendant has not paid the remaining repair costs because it disputes whether those repairs fall within the scope of the insurance

---

[6] R. Doc. 40-4 at pp. 4-7.
[7] R. Doc. 39-2 at ¶ 1; R. Doc. 67 at ¶ 1, p. 1.
[8] R. Doc. 40-4 at p. 83.
[9] *Id.* at p. 136.
[10] *Id.* at p. 136.
[11] R. Doc. 39-2 at ¶ 59; R. Doc. 67 at ¶ 59, p. 4.
[12] R. Doc. 39-2 at ¶ 60; R. Doc. 67 at ¶ 60, p. 4.
[13] R. Doc. 39-15 at p. 15.
[14] R. Doc. 54 at p. 9; R. Doc. 56 at p. 3.
[15] R. Doc. 54-2; R. Doc. 56 at p. 3.

2

contract, whether Hurricane Ida caused the damages, and whether the replacement breezeway and replacement roof are of a similar like, kind, and quality to the originals.[16]

On August 15, 2023, Plaintiff filed its complaint in this Court seeking penalties, attorneys' fees, and costs under La. R.S. 22:1892 and La. R.S. 22:1973, and damages under Louisiana Civil Code article 1994 for breach of contract, alleging Defendant acted in bad faith and breached the relevant provisions of the insurance policy.[17] On September 23, 2025, Defendant filed the motion for partial summary judgment on Plaintiff's bad faith claim presently before the Court.[18]

## **LEGAL STANDARD**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[19] "An issue is material if its resolution could affect the outcome of the action."[20] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[21] All reasonable inferences are drawn in favor of the nonmoving party.[22] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the nonmoving party, no reasonable trier of fact could find for the nonmoving party, thus entitling the moving party to judgment as a matter of law.[23]

---

[16] R. Doc. 39-1 at p. 9.
[17] R. Doc. 1 at ¶¶ 19-30.
[18] R. Doc. 39.
[19] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).
[20] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[21] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000).
[22] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[23] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).

If the dispositive issue is one for which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[24] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the nonmoving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[25]

On the other hand, if the dispositive issue is one on which the nonmoving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the nonmovant's claim, or (2) demonstrating there is no evidence in the record to establish an essential element of the nonmovant's claim.[26] When proceeding under the first option, if the nonmoving party cannot muster sufficient evidence to dispute the movant's contention that there are no disputed facts, a trial would be useless, and the moving party is entitled to summary judgment as a matter of law.[27] When, however, the movant is proceeding under the second option and is seeking summary judgment on the

---

[24] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).

[25] *Celotex*, 477 U.S. at 322-24.

[26] *Id.* at 331-32 (Brennan, J., dissenting); *see also St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citing Justice Brennan's statement of the summary judgment standard in *Celotex*, 477 U.S. at 322-24, and requiring the Movers to submit affirmative evidence to negate an essential element of the nonmovant's claim or, alternatively, demonstrate the nonmovant's evidence is insufficient to establish an essential element); *Fano v. O'Neill*, 806 F.2d 1262, 1266 (5th Cir. 1987) (citing Justice Brennan's dissent in *Celotex*, and requiring the movant to make an affirmative presentation to negate the nonmovant's claims on summary judgment); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2727.1 (2016) ("Although the Court issued a five-to-four decision, the majority and dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case." (internal citations omitted)).

[27] *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1980); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

ground that the nonmovant has no evidence to establish an essential element of the claim, the nonmoving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[28] Under either scenario, the burden then shifts back to the movant to demonstrate the inadequacy of the evidence relied upon by the nonmovant.[29] If the movant meets this burden, "the burden of production shifts [back again] to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)."[30] "Summary judgment should be granted if the nonmoving party fails to respond in one or more of these ways, or if, after the nonmoving party responds, the court determines that the moving party has met its ultimate burden of persuading the court that there is no genuine issue of material fact for trial."[31]

Still, "unsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports the claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[32]

---

[28] *Celotex*, 477 U.S. at 332-33.
[29] *Id.*
[30] *Id.* at 332-33 n.3.
[31] *Id.* at 332 n.3; *see also First Nat'l Bank of Ariz.*, 391 U.S. at 289.
[32] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (first citing *Celotex*, 477 U.S. at 324; then *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994); and then quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)).

5

**LAW AND ANALYSIS**

Plaintiff argues that Defendant acted in bad faith by failing to timely pay for the replacement of the roof and breezeway.[33] La. R.S. 22:1892 and La. R.S. 22:1973 establish the standards for bad-faith insurance claims under Louisiana law.[34] La. R.S. 22:1892 provides that an insurer may be subject to penalties if, after receiving satisfactory proof of loss, it fails to pay a claim within thirty days and that failure is "arbitrary, capricious, or without probable cause."[35] To establish a claim under this statute, a plaintiff must show that: "(1) an insurer has received satisfactory proof of loss, (2) the insurer failed to tender payment within thirty days of receipt thereof, and (3) the insurer's failure to pay is arbitrary, capricious or without probable cause."[36] La. R.S. 22:1973 imposes upon insurers a duty of good faith and fair dealing to "adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both."[37] It provides for additional penalties if the insurer (1) receives satisfactory proof of loss, (2) fails to pay a claim within sixty days after receiving such proof, and (3) the failure to pay was arbitrary, capricious, or without probable cause.[38]

The phrase "'arbitrary, capricious, or without probable cause' is interpreted to mean 'vexatious,' indicating a refusal to pay that is 'unjustified' and 'is not based on a

---

[33] R. Doc. 54 at pp. 6-8.
[34] La. R.S. 22:193 was repealed, and La. R.S. 22:1892 was substantially amended by the Louisiana Legislature, effective July 1, 2024. *See* Act No. 3 of the 2024 Regular Session, S. B. No. 232. In *Gentilly, LLC v. State Farm Fire and Casualty Company*, a section of this Court made an Erie guess that these statutory changes apply prospectively only. No. 23-262, 2024 WL 5246606, at *4 n.67 (E.D. La. Dec. 30, 2024). That decision relied on Louisiana Civil Code article 6, which provides that "[i]n the absence of contrary legislative expression, substantive laws apply prospectively only." La. C.C. art. 6. The Court concurs and adopts this reasoning. Because the action was filed in August 2023, the prior versions of the statutes apply.
[35] La. R.S. 22:1892(B)(1)(a) (2023).
[36] *Guillory v. Lee*, 16 So. 3d 1104, 1126 (La. 2009).
[37] La. R.S. 22:1973(A) (2023).
[38] La. R.S. 22:1973(B)-(C) (2023).

6

good-faith defense.'"[39] "[W]hen there is a 'reasonable and legitimate question to the extent and causation of a claim, bad faith should not be inferred from an insurer's failure to pay within the statutory time limits when such reasonable doubts exist.'"[40]

On September 16, 2025, Plaintiff submitted what it argues is satisfactory proof of loss as to the breezeway and roof by providing Defendant with documentation of all repair costs.[41] Defendant argues that its failure to pay is based on a good faith defense and is not arbitrary, capricious, or without probable cause.[42]

The insurance policy provides that Defendant will pay replacement value only if the replacement is made "with material of like, kind, and quality."[43] Defendant argues that its refusal to pay is reasonable because the replacement roof and breezeway are not of a similar like, kind, or quality to the originals.[44] Plaintiff itself acknowledges that the disputed costs are legitimately at issue, stating that "the 'undisputed amount' is *obviously* disputed here."[45] Given this legitimate and reasonable dispute over whether the replacements were of like, kind, and quality to the originals, Defendant's conduct cannot be characterized as arbitrary, capricious, or without probable cause; rather, it reflects a good-faith disagreement over the claim, which is insufficient to support a finding of bad faith. Indeed, "when there is a 'reasonable and legitimate question to the extent and causation of a claim, bad faith should not be inferred from an insurer's failure to pay within the statutory time limits when such reasonable doubts exist.'"[46] Accordingly;

---

[39] *Gentilly, LLC v. State Farm Fire and Cas. Co.*, No. 23-262, 2024 WL 5246606, at *4 (E.D. La. Dec. 30, 2024) (quoting *Reed v. State Farm Mut. Auto. Ins. Co.*, 857 So. 2d 1012, 1021 (La. 2003)).
[40] *Dupree v. Lafayette Ins. Co.*, 51 So. 3d 673, 698 (La. 2010) (quoting *La. Bag Co. v. Audobon Indem. Co.*, 999 So. 2d 1104, 1114 (La. 2008)).
[41] R. Doc. 54 at p. 9; R. Doc. 56 at p. 3.
[42] R. Doc. 40-1 at pp. 14-16.
[43] R. Doc. 40-4 at p. 136.
[44] R. Doc. 40-1 at pp. 14-16.
[45] R. Doc. 53 at p. 7 (emphasis added).
[46] *Dupree*, 51 So. 3d at 698 (quoting *La. Bag Co.*, 999 So. 2d at 1114).

## **CONCLUSION**

**IT IS ORDERED** that Defendant's motion for partial summary judgment on Plaintiff's bad-faith claim is **GRANTED**.[47]

**New Orleans, Louisiana, this 14th day of November, 2025.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[47] R. Doc. 39.